GEORGE J. PHILLIPS, PLAINTIFF, DEFENDANT IN ERROR, v. FRANK A. COX, TRADING AS KRAUSE PAVING AND CONSTRUCTION COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Submitted December 10, 1910—Decided March 6, 1911.

1. When a written contract is complete it is to be interpreted and enforced according to the fair import of its terms without reference to other writings, not between the very parties and not referred to in the agreement under consideration.
2. The evidence in the case *held* to justify the court in refusing to exclude from the consideration of the jury certain items for which recovery was sought.

On error to the Atlantic County Circuit Court.

For the plaintiff in error, *Wilson & Carr.*

For the defendant in error, *Stackhouse & Kramer.*

The opinion of the court was delivered by

VOORHEES, J. The jury trial in the Circuit resulted in a judgment for $1,477.16, establishing the plaintiff's right to recover, and the amount due to him for labor performed under the following written contract between the parties, signed by the plaintiff, viz.:

"KRAUSE PAVING AND CONSTRUCTION COMPANY, LTD.
S. E. Cor. American and Diamond Sts., Philadelphia.

"I hereby agree to do the grading out of the sidewalks 12″ deep, 4′ wide and filling in the trenches with good hard coal cinders to level of finished grade established by the Township Engineer upon such streets as specified upon plans in the Haddon Township of Collingswood, New Jersey, for the sum of three and one-half cents per square foot. All dirt graded out from trenches to be distributed upon the premises where directed by the Township Engineer. If any excess grading or filling in is required to bring the walks to the established grade same is to be ten cents per square yard (included in the above price). I also agree to grade out and fill in with cinders not less than 2000 square feet per day and continue to do so from day to day until the entire job is completed. Payments for the above work to be made at such times as we get our money from the committee which is in installments of 500 feet completed and approved by Township Engineer. I also agree to unload the material shipped to Collingswood, New Jersey, by the Krause Paving and Construction Co., Ltd., such as Stone, Grit, and cement, the stone and grit to be deposited upon the work at such places as they may direct cement to be stored in the barn upon the premises at the following prices:

"Cement per barrel, cement to be carted upon work where needed.

"Stone as per Railroad weight—20c. per ton.

"Grit as per Railroad weights."

The errors assigned rest upon exceptions taken at the trial to the refusal to charge certain requests preferred by the defendant; and also upon exceptions taken to the charge.

The first request to charge was in the following language:

"1. As to Item No. 1 of the Bill of Particulars:

"This action was commenced in November, nineteen hundred and nine. By the terms of this contract between the plaintiff and the defendant payments were to be made.

"At such times as we get our money from the Committee which is in instalments of five hundred feet completed and approved by township engineer.

"The work was completed some time in October. Under the terms of the contract between the Krause Paving Company and the West Collingswood Improvement Company (paragraph 7) twenty per cent. of the amount due upon the work was to remain for a period of three months, hence twenty per centum was not due the Krause Company until January, nineteen hundred and ten. Accordingly twenty per centum of the first item of one hundred and sixty dollars and sixty-seven cents ($160.67) must be deducted from this item because not due at the time of the institution of suit, reducing said item to six hundred and forty-seven dollars and fifty-nine cents ($647.59)."

In explanation, it must be stated that the defendant had before making his contract with the plaintiff contracted in writing with the West Collingswood Improvement Company for the construction and laying of cement sidewalks, the improvement company having before that contracted with the township of Haddon for the same. These contracts were permitted to go in evidence.

The contract with the plaintiff comprised only a part of the work provided for in the two former contracts. The contract sued upon contained no reference to any other contract.

It was complete in itself and clearly indicated the times when payments should be made "in instalments of 500 feet completed and approved by the Township Engineer," the price per foot being specified in the contract. The request if charged, would have resulted in the resort by the court to another contract not between the parties and the implanting of the terms of that other contract into the one to be interpreted. No agreement to withhold any portion of payments can be gathered from the writing made by the parties to the suit. When a written contract is complete, it is to be interpreted and enforced according to the fair import of its terms without reference to other writings, not between the very parties and not referred to in the agreement under consideration.

The second request refers to five thousand and fifty square yards of excess grading, $451.10, being the third item in the bill of particulars. The request refers to this as excess grading outside of the four-foot strip. Instructions are asked that the item be wholly rejected (*a*) because the contract provides only for "excess grading or filling in * * * required to bring walks to the established grade," and did not provide for grading outside of the four-foot strip; (*b*) because there are no definite proofs as to the amount of the grading; (*c*) because it is extra work not yet paid for by the township.

Of course under the ruling upon the first request, the third sub-division must be overruled. As to the first and second sub-divisions, it is sufficient to say that there was evidence from which the jury might conclude that it was necessary to grade from the curb line to the house line outside of the four-foot strip. And furthermore, there was testimony showing that the contractors had worked over the whole sidewalk and had rendered a bill to their principal for the identical work; the latter being an admission that the work had been performed.

There was proof that the whole sidewalk was very irregular and it is quite plain that unless grading was done at the sides of the four-foot strip, that strip would be raised or de-

pressed from the established grade. Moreover it is difficult to perceive what excess grading under the terms of the contract can mean unless it refers to grading outside of the four-foot strip, for the quantity of work to be done in grading that strip is definitely expressed in the contract as twelve inches deep.

This view is strengthened by the fact that all dirt "graded out" from the trenches shall be distributed upon the premises.

The fifth request to charge concerns Item No. 8:

"To extra grading four inches deep and filling in with cinders at Westmont, $42.72."

And request No. 6, regarding Item No. 11,

"Grading over trench 2589 square yards at 10c. to bring to surveyor's stakes $258.90."

Instruction is asked that these items should be rejected because there are no proofs as to the amount of extra fill at Westmont and no proof of the amount of excess grading within the four-foot strip.

After the trench had been dug twelve inches deep and filled with loose cinders, a dispute arose, the defendant claiming that rammed cinders were intended by the contract—a foot of loose cinders being reduced to eight inches after ramming, and further that the trench was intended to be sixteen inches deep. The plaintiff claimed, however, that he had properly executed his contract but finally agreed to remove the loose cinders, dig the trench four inches deeper and put back the cinders, charging one and a half cents per square foot extra therefor. There is evidence that this was agreed to as extra work and that it was performed.

It suffices to say that there was evidence in the case from which the jury could, by calculation, ascertain the amount of extra work, for the lengths of the streets were given and the widths. Moreover the plaintiff testified that he accepted the measurement of the engineer as to the amount of work done, so that the court would not have been justified in charging the jury that there was no proof as to these particulars, although the case on these points was very loosely and inaccurately tried.

It is not perceived that there is any error committed by the judge in his charge. The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, SULLIVAN, JJ. 15.

*For reversal*—None.